**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**at LONDON**

**Civil Action No. 19-308**

**MARK DOUGLAS BARTON,**                                    **PLAINTIFF,**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**                **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits .   The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a claim for Social Security Disability Income ("SSDI") benefits in January 2016, alleging a disability beginning December 5, 2015 due to herniated disc L5-S1, bulging discs in his neck, arthritis in his spine and neck, back and neck pain, low testosterone, thyroid disorder, high cholesterol and sleep apnea (Tr. 304). ALJ Joyce Francis first denied Mr. Barton's claim on January 12, 2018. The Appeals Council remanded the matter to the ALJ, ordering that the ALJ reevaluate the file and obtain additional evidence, including another consultative examination (Tr. 134). The ALJ ordered an exam from Dr. Curtis Gale-Dyer, who examined the 64- year-old Mr. Barton on May 10, 2018, and found significant physical issues, and determined

1

that he could only do light-duty work, and not likely on a full-time basis (Tr. 647-660).

Pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential

analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 62 years

old when he alleged he became disabled. Mr. Barton turned 65 in October 2018. Thus, this

dispute is about a closed period, from December 2015 to October 2018. He has at least a high

school education and past relevant work as an asphalt paving supervisor and paving machine

operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from lumbar degenerative disc

disease, cervicalgia, right rotator cuff tear, bursitis, acromioclavicur joint osteoarthritis, lipoma,

2

bilateral carpal tunnel syndrome and obesity, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform medium work . . . that does not require more than occasional climbing ladders, ropes, and scaffolds; more than frequent climbing ramps and stairs; more than frequent stooping, kneeling, and crouching; more than occasional crawling; more than frequent overhead reaching bilaterally; more than frequent handling, fingering, and feeling bilaterally; or more than frequent exposure to extreme cold and vibration.

At Step Five, the ALJ found that this RFC would allow Plaintiff to perform other work existing in significant numbers in the national economy (Tr. 27-28; see Tr. 51-53 (vocational expert testimony)). The ALJ thus concluded that Plaintiff was not disabled.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.   ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a

whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).    If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).   "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because she improperly weighed the medical opinion evidence in the record. Specifically, Plaintiff challenges the weight given to the opinions of his treating physician, Thomas Epperson, M.D. and consultative examiner, Jeffrey Henson, M.D.

For claims filed prior to March 2017, an opinion from a medical source who regularly treats the claimant (a "treating source") is afforded more weight than that from a source who has examined the claimant but does not have an ongoing treatment relationship (a "nontreating source"). 20 C.F.R. § 404.1502, 404.1527(c)(2). The source of the opinion therefore dictates the process by which the Commissioner accords it weight.

### i.    Dr. Epperson

Plaintiff's family physician, Dr. Epperson opined that he that was unable to perform even

a severely restricted range of sedentary work. Specifically, Dr. Epperson opined that Plaintiff could lift and carry no more than 10 pounds, could stand or walk less than two hours total in a workday, required the option to periodically alternate sitting and standing, and could never engage in postural maneuvers such as climbing, balancing, kneeling, crouching, crawling, and stooping (Tr. 686-87)

Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, id., as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. *Id.* The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id. See generally, Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The ALJ gave little weight to Dr. Epperson's opinion, finding that "the balance of medical findings and [Plaintiff's] reported daily activities fail[ed] to warrant greater restriction than" included in Plaintiff's RFC (Tr. 25).

First, the ALJ found, "exams by care providers [we]re routinely unremarkable for clinical indicia of acute – if any – neurological, musculoskeletal, or system abnormalities" supportive of "greater limitations than contemplated by the RFC" (Tr. 23).  To the contrary, the evidence often revealed unremarkable physical examination findings.  The ALJ specifically cited medical

5

reports of  "normal tone, strength, and movement" Tr.455, "normal gait, stance, motor strength, tone, and movement of all extremities" Tr. 467. "normal gait and stance", Tr. 475, "normal gait, stance, tone, strength, and movement of all extremities", Tr. 528, "ambulating without difficulty" Tr. 637, and  "normal neck range of motion, normal musculoskeletal range of motion, and normal reflexes" Tr. 667.   This litany of non-acute findings by other medical sources, treating and otherwise, detract from the weight of Dr. Epperson's opinion.

 Further, the ALJ found that despite allegations of disabling impairments, Plaintiff engages in a variety of household and other daily activities.   The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997). As the ALJ discussed earlier in her decision, Plaintiff cared for his grandchildren and his 87-year-old mother, prepared simple meals, drove a car, went shopping in stores, read, went fishing, went to church, and did household chores (Tr. 20; see Tr. 316, 322-31, 332-40, 350-58, 361-62, 520, 648, 657).   The ALJ did not err in finding that Plaintiff's daily activities undermined Dr. Epperson's finding of extreme physical impairment.

Finally, the ALJ discussed the objective diagnostic studies in the record which showed no more than mild-to-moderate degenerative changes resulting in no worse than moderate narrowing (stenosis) (Tr. 25; see Tr. 533, 534-35, 591, 592-93).   The ALJ also pointed out that an examination subsequent to Dr. Epperson's opinion, revealed full strength and no muscle wasting (Tr. 26; see Tr. 616). This also provides good reason for the discounting of Dr. Epperson's opinion.

Given the substantial evidence in the record that is at odds with the opinion of Dr.

6

Epperson, the Court finds no error in the ALJ's assessment of the same.

ii.     **Dr. Henson**

Dr. Henson opined that he "would have the ability to perform activities involving sitting, standing, moving about, lifting, carrying, and handling objects with both hands including picking up small objects" and "would be able to perform most activities without any difficulty" (Tr. 514).

In both decisions, the ALJ gave significant weight to the opinion of Dr. Hanson.

Plaintiff argues that Dr. Henson was not qualified to render an opinion because his licenses was "suspended or restricted."   [Docket No. 11-1, p.9].

This argument is without merit.   First, there is no evidence of a suspension or restriction in the administrative record.   The evidence upon which Plaintiff relies is a copy of an order from the Kentucky Board of Medical Licensure which he attached to his dispositive motion. As such, it is not properly before this Court. The Sixth Circuit has consistently held that evidence submitted "after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The Court could only consider this later-submitted evidence as part of a request for remand under sentence six of 42 U.S.C. § 405(g), which Plaintiff has not requested.

Moreover, the evidence Plaintiff submitted to the Court shows that Dr. Henson's medical license was neither suspended nor revoked. Rather, the State of Kentucky Board of Medical Licensure had only **restricted** Dr. Henson's medical license in November 2015. [Docket No. 11-2]. The pertinent regulation states that the medical source "must be currently licensed . . . [and] must not be barred from participation in [Social Security] programs under the provisions of 20

7

C.F.R. 404.1503a, which precludes the use of "any individual . . . whose license to provide health care services is currently revoked or suspended by any State licensing authority." 20 C.F.R. 404.1529(b).

Plaintiff also contends that Dr. Henson's opinion is invalid   because he is a general practitioner, not an orthopedic specialist. [Docket No. 11-1, p. 25].

The fact that Dr. Swan is not a specialist in the particular area at issue is not dispositive. The regulations make clear that state agency consultant's specialty – if any – is just one factor that "could have a bearing on the weight to which [a consultant's] opinion is entitled." *See Mullins v. Colvin*, Civil Action No. 13-114-GFVT, 2015 WL 860793 (E.D. Ky. Feb. 27, 2015) (unpublished).   The other factors are the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, and how consistent the opinion is with the record as a whole. *See* 20 C.F.R. 404.1527(d).

The ALJ found that supportability and consistency were the factors most relevant to her consideration of Dr. Henson's opinion.   She specifically discussed that Dr. Henson's opinion was consistent with other opinions in the record, such as Alex Guerrero, M.D. who reviewed the record in September 2016 and opined that Plaintiff had abilities consistent with medium work (Tr. 103-05). The Court will not disturb the ALJ's reasonable weighing of the relevant factors in this analysis.

Accordingly, the Court finds that Dr. Henson was qualified as a consultative examiner.

As Defendant points out, the standard of review is extremely deferential. To the extent that Plaintiff maintains that the evidence is open to another interpretation that favors his claim, the Court may not reweigh the evidence in this fashion. If the Commissioner's decision denying

benefits is supported by substantial evidence, as it is here, the Court must affirm that decision.

*Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if

substantial evidence exists to support Plaintiff's claim, the Court should still affirm the

Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246

F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if

the Court would have decided the matter differently than the ALJ, if substantial evidence

supports the ALJ's decision, it must be affirmed.)

## III.   CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record.      Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED**.     A judgment in favor of the Defendant will be entered contemporaneously

herewith.

This 21st day of July 2021.



**Signed By:**

_**Henry R Wilhoit Jr.**_

**United States District Judge**